BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:12-MC-00052-GEB-CKD |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $8,900.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On February 9, 2012, agents with the U.S. Drug Enforcement Administration ("DEA") were contacted by the Federal Express facility located at 6775 Woodrum Circle, in Redding, California regarding a package that had been administratively opened by Federal Express personnel.  When the agents investigated the suspicious package, they found approximately $8,900.00 in U.S. Currency (hereafter "defendant currency").  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about April 9, 2012, the DEA received a claim from Andrew Pieper asserting an ownership interest in the defendant currency.

2.  The United States represents that it could show at a forfeiture trial that on

or about February 9, 2012, Federal Express personnel administratively opened a package and forwarded it to the DEA. When the agents received the administratively opened parcel, it was placed among numerous other parcels at the Federal Express facility in South San Francisco and a drug dog positively alerted to the presence of the odor of narcotics on the parcel containing the defendant currency.

3. The United States could further show at trial that when DEA agents opened the package, they found two books covered in paper, heavily taped, and placed inside Ziploc bags. These books contained the defendant currency on numerous pages of both books.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, Andrew Pieper specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Andrew Pieper agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Andrew Pieper hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Andrew Pieper shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

9.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, $5,900.00 of the $8,900.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the $8,900.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to potential claimant Andrew Pieper through attorney Jesse M. Adams.

12. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules

///
///
///
///

Consent Judgment of Forfeiture

408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

**Date:  7/6/2012**

*[signature]*
GARLAND E. BURRELL, JR.
Senior United States District Judge

# CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED:_____    *[signature]*
                                                    DGE